UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WINONA BAKER<br>    Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>)    1:24-cv-00194-MR-WCM |
| v. | ) Case No. ~~3:24-CV-666~~<br>) |
| R.T.R FINANCIAL SERVICES, INC.,<br>    Defendant. | )<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff Winona Baker an individual consumer, against Defendant, R.T.R Financial Services, Inc., ("R.T.R") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact

1

business in Mooresboro, Cleveland County, North Carolina, and the conduct complained of occurred in Mooresboro, Cleveland County, North Carolina.

### III. PRELIMINARY STATEMENT

The Fair Debt Collection Practices Act (hereinafter "FDCPA") has been in existence since 1977 to prevent abusive practices in the collection of consumer debts. Regulation F was introduced much later to further refine and enforce these practices.

While the FDCPA provides the foundation for consumer protections related to debt collection, it has some limitations. For instance, it does not include extensive provisions for new modes of communication, like electronic mail (hereinafter "email") or social media.

Regulation F was introduced by the Consumer Financial Protection Bureau (CFPB) as an updated set of rules that supplement and detail requirements under the FDCPA. It aims to adapt to changes in the way debtors and collectors communicate brought by technological advances, and to provide clear rules that would prevent legal ambiguity.

The purpose of Regulation F is not to replace the FDCPA but to fortify and modernize it. It provides consumers with more clarity and agency in the

2

interaction with debt collectors, yet still allowing the collection industry to carry out their operations effectively.

**(c) Communications with a consumer—after refusal to pay or cease communication notice—**

> **(1) Prohibition.** Except as provided in paragraph (c)(2) of this section, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wants the debt collector to cease further communication with the consumer, the debt collector must not communicate or *attempt to communicate further with the consumer with respect to such debt.*

**Official interpretation of 6(c)(1) Prohibitions.**

**1. Notification complete upon receipt.** If, pursuant to § 1006.6(c)(1), a consumer notifies a debt collector in writing or electronically using a medium of electronic communication through which a debt collector accepts electronic communications from consumers that the consumer either refuses to pay a debt or wants the debt collector to cease further communication with the consumer, notification is complete upon the debt collector's receipt of that information. The following example illustrates the rule.

i. Assume that on August 3, a consumer places in the mail a written notification to a debt collector that the consumer either refuses to pay a debt or wants the debt collector to cease further communication with the consumer pursuant to § 1006.6(c)(1). On August 4, the debt collector sends the consumer an email message. The debt collector receives the consumer's written notification on August 6. Because the consumer's notification is complete upon the debt collector's receipt of that information on August 6, the debt collector's email message communication on August 4 does not violate § 1006.6(c)(1).

**2. Interpretation of the E-SIGN Act.** Comment 6(c)(1)–1 constitutes the Bureau's interpretation of section 101 of the E-SIGN Act as applied to FDCPA section 805(c). Under this interpretation, section 101(a) of the E-SIGN Act enables a consumer to satisfy the requirement in FDCPA section 805(c) that the consumer's notification of the debt collector be "in writing"

3

through an electronic request. Further, because the consumer may only satisfy the writing requirement using a medium of electronic communication through which a debt collector accepts electronic communications from consumers, section 101(b) of the E-SIGN Act is not contravened.

### III. PARTIES

3. Plaintiff Winona Baker (hereinafter "Ms. Baker") is a natural person residing in Mooresboro, Cleveland County, North Carolina. Ms. Baker is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant R.T.R Financial Services, Inc., is a New York corporation with its principal place of business located at 901 N Broadway #3B, White Plains, NY 10603.

5. Defendant R.T.R Financial Services, Inc., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's. The alleged debt arose from a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt as that term is defined by 15 U.S.C. §1692a(5).

### IV. FACTS OF THE COMPLAINT

6. Defendant R.T.R Financial Services, Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

7. On or about May 16, 2024, Ms. Baker received a dunning letter form R.T.R Financial Services, Inc., attempting to collect a debt owed to Mount Sinai Health System.

8. On or about July 3, 2024 Ms. Baker a letter back via certified mail (9589 0710 5270 0404 5478 87) **"I refuse to pay the amount of $1,567.03 don't contact me about this debt."** Pursuing to 15 U.S.C 1692c(c).

9. On or about July 9, 2024 10:19am Debt Collector received Plaintiff communication.

10. On or about July 11, 2024 Ms. Baker received a phone call from Debt Collector that was missed but Debt Collector left a voicemail. Which was in violation of 15 USC 1692c(c).

11. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendant in the form of anger, anxiety, intrusion upon seclusion, invasion of privacy, decreased ability to focus on task while at work, frustration, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
(Defendant R.T.R Financial Services, Inc.,)

## 15 U.S.C. §1692c(c)

12. Ms. Baker re-alleges and reincorporates all previous paragraphs as if fully set out herein.

13. The Debt Collector violated the FDCPA.

14. The Debt Collector's violations include, but are not limited to, the following:

    The Debt Collector violated 15 U.S.C § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice.

15. As a result of the above violations of the FDCPA, Defendant are liable to the Ms. Baker actual damages, statutory damages and cost.

### VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Baker respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(a)(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(a)(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted this the 22nd day of July 2024.

/s/ John M. Harris
John M. Harris J. Harris Legal PLLC NC Bar# 57002
500 W 5th St STE 800 #1041
Winston-Salem, NC 27101
Phone: 336-995-7433
Fax: 336-450-1919
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading or paper to which this certificate is attached with the Clerk of Court using the CM/ECF system and by electronic mail on this the 22nd day of July 2024.

/s/ **John M. Harris**
John M. Harris J. Harris Legal
PLLC NC Bar# 57002
500 W 5th St STE 800 #1041
Winston-Salem, NC 27101
Phone: 336-995-7433
Fax: 336-450-1919
*Attorney for the Plaintiff*